# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 19-mj-00074-STV

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     KYLE PRESTON CLASBY,

    Defendant.

_____

## ORDER OF DETENTION
_____

THIS MATTER came before me for an identity, preliminary and detention hearing on March 26, 2019, following the defendant's arrest on alleged violations of his pretrial release. The government requested detention in this case. The defendant waived his right to an identity hearing, and preserved his right to a preliminary hearing. Both sides presented argument on the issue of detention. I have considered the Pretrial Services Report and the entire docket.

In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community. 18 U.S.C. § 3142(b). The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person including–
>
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> >
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Bail Reform Act further provides that, with limited exceptions, a court shall detain an individual pending sentencing unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the community. 18 U.S.C. § 3143(a). The defendant has pled guilty and the presumption applies. While on supervision, the defendant is alleged to have been involved in a domestic assault. Responding officers heard the victim

screaming, and upon entry, observed the victim with a swollen left eye, lump on her forehead, and bruising and marks on her neck. She told officers that the defendant had dragged her down to the basement and punched her. The defendant has been charged with several offenses, including attempted second-degree murder. Based upon these facts, the Court finds that the defendant has failed to establish by clear and convincing evidence that he is not a danger to the community. Accordingly,

IT IS ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED: March 26, 2019                                    BY THE COURT:

s/ Scott T. Varholak
Scott T. Varholak
United States Magistrate Judge